**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**
_____

No. 95-50849
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ALAN LEWIS ZEDLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-95-CR-104-ALL)
_____
July 19, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]


Alan Zedler appeals his conviction of, and sentence for, using or carrying a firearm in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1).  We vacate and remand.


I.

Zedler was charged in a seven-count superseding indictment with drug-trafficking and firearm offenses.  Pursuant to a plea

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement, he pleaded guilty of conspiracy to manufacture marihuana, 21 U.S.C. § 846 (Count One), and using and carrying a firearm during a drug-trafficking offense, 18 U.S.C. § 924(c)(1) (Count Five). He was sentenced to serve 120 months (the statutory minimum) for the conspiracy and to serve five years consecutively for the firearm offense; he also received a five-year term of supervised release. As part of the agreement, he agreed to forfeit the real estate on which he and his wife had been growing marihuana, as well as firearms, vehicles, cash, and drug paraphernalia found on the property.

At rearraignment, the prosecutor stated that the .45 Detonics handgun that was the basis for Count Five was found "under a pillow on . . . Zedler's side of the bed in which he slept." Eleven other firearms "were also located at the residence." There was no other evidence indicating that Zedler had used or carried a firearm relative to his drug trafficking.

## II.

Zedler contends that we should reverse his conviction of the § 924(c)(1) violation and allow him to replead as to Count Five on remand. He asserts that there is no evidence to sustain a conviction of either using or carrying a firearm, as charged in that count. Thus, he argues, there was not an adequate factual basis for his plea on that count. Zedler also argues that FED. R. CRIM. P. 11 was not complied with adequately.

The government agrees, observing that in *Bailey v. United*

*States*, 116 S. Ct. 501, 509 (1995), the Court held "that a conviction [under § 924(c)(1)] for use of a firearm requires a showing that the defendant actively employed the firearm during and in relation to the predicate crime." *Accord United States v. Andrade*, 83 F.3d 729, 730-32 (5th Cir. 1996) (applying *Bailey*, which was decided while Andrade's and Zedler's appeals were pending). The factual basis also was insufficient to sustain a conviction for "carrying" under § 924(c)(1), as there is no record evidence that Zedler transported a firearm. *See United States v. Rivas*, 85 F.3d 193 (5th Cir. 1996); *United States v. Fike*, 82 F.3d 1315, 1328 (5th Cir. 1996). Therefore, Zedler's § 924(c)(1) conviction and five-year sentence must be vacated. *See Andrade*, 83 F.3d at 731-32.

## III.

The government requests us to remand so that Zedler can be resentenced on the conspiracy count, to add two levels to Zedler's offense level pursuant to U.S.S.G. § 2D1.1(b)(1) because he possessed a dangerous weapon during the conspiracy. Zedler has not taken issue with this request.

In *Andrade*, the government made a similar request. This court stated: "Although we agree remand is required, the particular relief requested by the Government is not properly before us, and we express no view on the appropriateness of altering the Guideline range." 83 F.3d at 730 n.2.

If we were to comply with the government's request, Zedler's

3

total offense level would be increased from 25 to 27, and his imprisonment term range for that level, with his criminal history category I, would be 70 to 87 months.  This is considerably less than the 120 months Zedler received as the mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(vii).  Accordingly, we deny the government's request, as granting it would have no effect on the sentence.

VACATED and REMANDED.